THE STAFFORD SAVINGS BANK *vs.* EMMA K. UNDERWOOD AND OTHERS.

Hartford District, Jan. T., 1886. PARK, C. J., CARPENTER, PARDEE, and GRANGER, JS.

A married woman can make a valid mortgage of her real estate to secure a debt of her husband.

The husband must join in the execution of the mortgage in the same way as in any other conveyance of her real estate.

[Argued January 5th—decided January 22d, 1886.]

ACTION for the foreclosure of a mortgage; brought to the Superior Court in Tolland County, and heard before *Loomis, J.* Facts found and decree of foreclosure passed. Appeal by the defendants. The case is sufficiently stated in the opinion.

*C. Phelps,* for the appellants.

*M. R. West* and *C. E. Gross,* for the appellee.

GRANGER, J. This is an action brought for the foreclosure of a mortgage. A decree of foreclosure was granted in the Superior Court, and the defendants have appealed.

The land described in the mortgage was the estate of Emma K. Underwood, one of the defendants, who is the wife of Frank H. Underwood, the other defendant. The note secured by the mortgage was for $2,000, a portion of which ($532,) was money appropriated by the wife for her sole benefit, and the balance was a debt due solely from the husband. The note and mortgage were both duly executed by the husband and wife.

The only question is—Can a married woman mortgage her real estate to secure a debt of her husband? the plaintiff not seeking to hold the wife upon the note.

This question depends largely upon the power given to a married woman by the statute of this state, which provides that " all conveyances of the real estate of married women, executed by them jointly with their husbands and duly acknowledged and recorded, shall be valid and effectual to transfer such estate, and all conveyances by the husband alone of the real estate of the wife shall be ineffectual to convey her interest therein." Gen. Statutes, p. 353, sec. 10.

It is manifest that under this statute the only limitation upon the wife's power of alienation of her real estate is the consent of her husband. When that is evidenced by his joining her in the execution and acknowledgment of the deed, the power of the wife to transfer her estate is perfect and unrestricted. She may convey her estate absolutely

and for any purpose she may desire; she may sell it for a valuable consideration, or she may give it in charity, or transfer it by the ordinary method of conveyance between husband and wife to her husband, either with or without a money consideration. The power of the wife to make an absolute conveyance under the statute cannot be doubted, and, as the greater includes the less, it must follow as a logical deduction that she has power to make a conditional conveyance and may mortgage her estate to secure any valid debt, either of herself or her husband.

In an early work on Mortgages by Powell, 1799, it is said that "if the wife joins in a mortgage of her lands and levies a fine thereof, this will be binding on her and her heirs notwithstanding the coverture. For as by such process she may make an absolute alienation of her real estate, so she may make a conditional one thereof." Powell on Mortgages, p. 737. In 2 Swift's Digest, on page 209, the law is thus stated :—"A wife may join in the mortgage deed, which will be valid in the same manner as an absolute alienation, and when the wife joins with the husband in mortgaging her estate for his debt it is his duty to pay it, and her heirs after her death may apply in chancery and compel him to redeem the estate."

The statute under consideration seems to be simply an affirmance of the common law, dispensing with the machinery of fine and recovery and substituting the consent of the husband by his joining in the deed.

It appears that this statute was passed in 1723, and we think it has been the common understanding of the profession that mortgages of the same character as the one in question were good and valid. They never have been questioned or doubted until the present case.

The statutes of 1869 and 1872, relied upon by the defendant, and the cases cited, do not appear to sustain the claim that this mortgage is invalid as against the wife. The object of these enactments was to enlarge the power of married women to make contracts under certain circumstances, but not, as we apprehend, to curtail in any manner their

power of alienating their real estate in the manner provided by the statute of 1723.

The case of *Smith* v. *Williams*, 43 Conn., 409, and the other cases cited by defendants' counsel, are entirely outside of the principles involved in this case. In *Smith* v. *Williams* the attempt was made to hold the wife's estate liable by virtue of a simple executory contract; the notes sued upon in that case were executed by her and her husband, and it was stated in them that each intended to charge their individual property for the payment of the notes. This court held that the notes not being given for the benefit of herself, her family or her estate, were not binding on her estate under the acts of 1869 and 1872.

But we do not deem it necessary to analyze further the cases cited by the counsel for the defendants. This case rests not upon the statutes last named. No liability is claimed against the wife upon the note or upon any contract outside of the mortgage deed. The rights of the parties depend entirely upon the validity of this conveyance, which we think has been shown to be clearly within the power of the wife to make, and she must be bound by it.

There is no error in the judgment appealed from.

In this opinion the other judges concurred; except LOOMIS, J., who having tried the case in the court below, did not sit.